IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alvin E. Ivey, | ) |
|     Plaintiff, | ) Civil Action No.: 4:16-cv-02075-JMC |
| v. | ) ORDER |
| Nancy A. Berryhill, Acting Commissioner of Social Security Administration,[1] | ) |
|     Defendant. | ) |

This matter is before the court on motion of Plaintiff, through his attorney, Paul T. McChesney ("Counsel"), for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 20.) On August 3, 2017, Counsel filed a Motion for Attorney's Fees seeking the authorization of payment for Counsel's representation in the captioned matter of $2,437.50, and expenses in the amount of $20.01. (ECF No. 20.) Defendant's Response to Plaintiff's Motion for Attorney's Fees notifies the court that she does not oppose Plaintiff's request for fees in the amount stated herein. (ECF No. 21.)

In order to be entitled to an award of attorney's fees pursuant to the EAJA, the court must find that the position of the government was not "substantially justified," that the plaintiff is the prevailing party, and that no "special circumstances" make an award of fees unjust. 28 U.S.C. §2412(d)(1)(A). A plaintiff who obtains judgment and remand pursuant to sentence four of 42 U.S.C. §405(g) is a prevailing party because the plaintiff achieved "some of the benefit . . . sought in bringing suit." *Shalala v. Shaefer*, 509 U.S. 292, 303 (1993). The burden of

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn Colvin as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

proof is on the defendant to demonstrate to the court that the Commissioner's position in this civil action was substantially justified. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).

"Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. §2412(d)(1)(B) as amended; *see also* §2412(d)(2)(D) as amended. The government's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The "position of the government" includes the agency's pre-litigation conduct.

After reviewing Counsel's supporting memorandum (ECF No. 20-1), fee agreement (ECF No. 20-2), affidavits (ECF Nos. 20-3, 20-4), and Consumer Prices Indexes (ECF Nos. 28-5, 28-6), and Defendant's Response (ECF No. 21), the court concludes Counsel's request for attorney's fees is reasonable.

In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), EAJA fees awarded by this court belong to the litigant, thus subjecting EAJA fees to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Therefore, the court directs that fees be payable to Plaintiff and delivered to Plaintiff's counsel. The amount of attorney's fees payable to Plaintiff will be the balance of attorney's fees remaining after subtracting the amount of Plaintiff's outstanding federal debt. If Plaintiff's outstanding federal debt exceeds the amount of attorney's fees approved pursuant to this Order, the amount of attorney's fees will be used to offset Plaintiff's federal debt and no attorney's fees shall be paid. (*See* ECF No. 21.)

After a thorough review of the record in this case, the court **GRANTS** Plaintiff's Motion

for Attorney's Fees (ECF No. 20), and Plaintiff shall be awarded $2,437.50[2] in attorney's fees and $20.01 in expenses.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 28, 2017
Columbia, South Carolina

---

[2] The court notes a potential typographical error in Plaintiff's Memorandum in Support, as it suggests an hourly rate of $185.00 for attorneys but calculates the fees based on the inflation-adjusted fee cap of $187.50 per hour. (ECF No. 20-1 at 8.) As the rate for paralegals is stated correctly at $93.75 per hour or half of the attorney's fee cap and the calculations are otherwise correct, the court approves the requested amount of attorney's fees based on the inflation-adjusted fee cap of $187.50 per hour for attorneys.

3